IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02191-KLM

CARL HARVEY BROUWER,

    Petitioner,

v.

USA,

    Respondent.
_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Petitioner's **Amended Motion to Set Aside Declaration of Forfeiture and Motion for Return of Property** [Docket No. 9; Filed October 15, 2012] (the "Motion"). On April 15, 2013 Respondent filed an Amended Response [#23]. On April 25, 2013 Petitioner filed a Reply [#24]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#9] is **DENIED**.

### I. Summary of the Case

This matter comes before the Court on Petitioner's Motion. In the Motion, Petitioner requests that the Court set aside the Declaration of Forfeiture and seeks the return of the $43,260 seized (the "Seized Assets") from his residence on November 23, 2011. *Motion* [#9] at 1. As explained in the Motion, the Seized Assets were discovered during a search

of Petitioner's residence by state law enforcement agents pursuant to a search warrant that was reviewed and approved by a Jefferson County District Court judge. *Id.* at Ex. A. The address searched was 409 East 1st Avenue, Denver, CO 80203. *Id.*

On November 25, 2011, Petitioner identified his primary residence as 409 East 1st Avenue, Denver, CO 80203, on the appearance bond he completed and signed in a criminal proceeding relating to the November 23, 2011 search and seizure. *Trans. of Depo. Of Carl Harvey Brouwer* [#23-12] at 16:5-23. On December 20, 2011, the Drug Enforcement Agency ("DEA") accepted the administrative forfeiture and sent written notice of the seizure pursuant to 19 U.S.C. § 1607(a) and 18 U.S.C. § 983(e) to Petitioner by certified mail, return receipt requested, at 409 East 1st Avenue, Denver, CO 80203 and 9629 West Chatfield Avenue, Unit F, Littleton, CO 80128. *See Decl. of Vicki L. Rashid* [#23-1] at ¶4(b), Ex. 1. Both of the December 20, 2011 notices were returned marked "unable to forward." *Id.* at ¶4(b)-(c), Exs. 2, 4. Pursuant to 19 U.S.C. § 1607(a) and 12 C.F.R. § 1316.75, the DEA published notices of the seizure in *The Wall Street Journal* once each week for the first three weeks of January 2012. *Id.* at ¶4(d), Ex. 5. The notices mailed on December 20, 2011 and the notice by publication stated that the deadline to file a claim relating to the Seized Assets was January 24, 2012 if notice was received by mail or February 23, 2012 if notice was received by publication. *Id.* Exs. 1, 3, 5. On January 31, 2012, the DEA again sent Petitioner written notice of the seizure, this time by first class mail, at three different addresses: (1) 409 East 1st Avenue, Denver, CO 80203; (2) 9629 West Chatfield Avenue, Unit F, Littleton, CO 80128; and (3) 4896 South Dudley Street, Unit 9-10, Littleton, CO 80123. *Id.* at ¶4(e)-(g), Exs. 6, 8, 9. Of the three January notices, only the notice sent to 9629 West Chatfield Avenue, Unit F, Littleton, CO 80128, was returned

undeliverable. *Id.* ¶4(f), Ex. 7. The notices mailed on January 31, 2012 stated that the deadline to file a claim relating to the Seized Assets was March 6, 2012. *Id.* Exs. 6, 7, 9.

On April 11, 2012, the Seized Assets were declared forfeited by the DEA pursuant to 19 U.S.C. § 1609. *Motion* [#9] at Ex. B (the "Declaration of Forfeiture"). The Declaration of Forfeiture states:

> Notice of the seizure has been sent to all known parties who may have a legal or possessory interest in the property. Also, in accordance with 19 U.S.C. Section 1607, notice of the seizure has been published and no claim has been filed for the property within 30 days from the date of last publication of the advertisement.

*Id.*

On May 11, 2012, Petitioner filed an address change form with the United States Postal Service requesting that mail addressed to him at 409 East 1st Avenue, Denver, CO be redirected to 12081 West Alameda Parkway, Lakewood, CO. *Trans. of Depo. Of Carl Harvey Brouwer* [#23-12] at 12:14-13:3, Ex. 1. Further, for the period September 13, 2011 to September 13, 2012, Petitioner's residential address registered with the Colorado Department of Motor Vehicles was 409 East 1st Avenue, Denver, CO 80203. *See Id.* at 15:22-16:1, Ex. 2.[1]

## II. Analysis

### A. Jurisdiction

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 to review whether the administrative forfeiture of the Seized Assets satisfied statutory and due process

---

[1] The Court notes that Petitioner's failure to update his residential address registered with the Colorado Department of Motor Vehicles "did not 'forfeit [ ] his right to constitutionally sufficient notice.'" *Thorp v. United States*, Civil Action No. 11-cv-00206-PAB-KLM, 2012 WL 5831184, at *4 (Nov. 16, 2012) (citing *Jones v. Flowers*, 547 U.S. 220, 231-32 (2006)).

3

requirements. *See United States v. Rogers*, 108 F.3d 1247, 1250 (10th Cir. 1997).

**B.     Administrative Forfeiture**

Petitioner filed his Motion pursuant to the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 983(e), which allows "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice [to] file a motion to set aside a declaration of forfeiture . . ." 18 U.S.C. § 983(e)(1). In order to prevail, Petitioner must show both: (A) that the "Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide [Petitioner] with notice; and (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim." 18 U.S.C. § 983(e)(1)(A)-(B).

"Once an administrative forfeiture is complete, the district court may review only 'whether the forfeiture comported with constitutional due process guarantees.'" *Conard v. United States*, 470 Fed.Appx. 336, 338 (5th Cir. 2012) (quoting *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005)). "The constitutionality of a particular procedure is assessed *ex ante*." *Thorp v. United States*, 2012 WL 5831184, at *3 (citing *Jones*, 547 U.S. at 231). To withstand scrutiny under the Due Process Clause, the notice of the forfeiture must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Dusenbery v. United States*, 534 U.S. 161, 170 (2002) (applying the reasonableness test articulated in *Mullan*e in a forfeiture context). Further, when notice sent by certified mail is returned unclaimed, the government must take "additional reasonable steps to attempt to provide notice to the property owner." *Flowers*, 547 U.S. at 225. "The general rule is that 'the

government, in endeavoring to identify and locate potential claimants, must exercise a degree of diligence commensurate with the particular circumstances–but need not undertake endless or impractical investigations in the hope of finding a needle in a haystack.'" *Thorp*, 2012 WL 5831184, at *3 (quoting *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 23-24 (1st Cir. 2006)).

C.     **Respondent Did Not Violate Petitioner's Due Process Rights**

Petitioner alleges that the Respondent did not take adequate steps to notify him of the forfeiture of the Seized Assets. *See generally Reply* [#24].  Petitioner bases this argument on the following allegations: (1) Petitioner stopped residing at 409 East 1st Avenue, Denver, CO after the November 23, 2011 search which resulted in seizure of the Seized Assets, because the search "rendered his home uninhabitable and constructively evicted him from his residence;" and (2) one member of the Denver Police Department knew that Petitioner was represented by counsel in his state court criminal case and Respondent failed to provide notice of the forfeiture to Petitioner's counsel. *Id*. at 2-3. Neither of these arguments is persuasive.

First, according to Petitioner, after November 22, 2011[2] he "periodically moved things out [of the house] as [he] found space for them" over the course of two or three months.[3] *Id*. Ex. A at 7:19-24.  Even though, by Petitioner's own admission, he was still returning to this address to periodically move out his belongings, the notice sent on December 20, 2011 by certified mail was returned to Respondent as undeliverable.  As a

---

[2] The search and seizure was conducted on November 23, 2011.

[3] This time frame overlaps with Respondent's notices mailed to this address on December 20, 2011 via certified mail and January 31, 2012 via first class mail.

result, Respondent was required to take "additional reasonable steps" to notify Petitioner. *Jones*, 547 U.S. at 234; *see also Thorp*, 2012 WL 5831184 at *4-5.[4] However, "the government was not required to go so far as 'search[ing] . . . in the [ ] phonebook and other government records such as income tax rolls' for [Petitioner's] new address." *Thorp*, 2012 WL 5831184 at *4 (quoting *Jones*, 547 U.S. at 235-36).

While the Supreme Court "declined to 'prescribe the form of service that the [government] should adopt,' it did provide examples of further steps that could have been taken." *Jones*, 547 U.S. at 234 (quoting *Greene v. Lindsey*, 456 U.S. 444, 455 n.9 (1982)). One such example is sending the notice of seizure via regular mail. *Id.*; *see also Thorp*, 2012 WL 5831184 at *4. Here, Respondent sent written notice to two addresses via certified mail, s*ee Decl. of Vicki L. Rashid* [#23-1] at ¶4(b), Ex. 1, and when those December 20, 2011 notices were returned as undeliverable, *id.* at ¶4(b)-(c), Exs. 2, 4, Respondent sent notice via regular first-class mail on January 31, 2012 to three addresses. *Id.* at ¶4(e)-(g), Exs. 6, 8, 9. Of the three notices sent on January 31, 2012, only the notice sent to 9629 West Chatfield Avenue, Unit F, Littleton, CO 80128, was returned as undeliverable. *Id.* ¶4(f), Ex. 7. The notices sent to 409 East 1st Avenue, Denver, CO 80203 and 4896 South Dudley Street, Unit 9-10, Littleton, CO 80123 by first class mail were not returned to Respondent. *Id.* at ¶4(e)-(g), Exs. 6, 8, 9. It was not unreasonable for

---

[4] This is true even though this is the address that appears on the appearance bond Petitioner completed and signed in a criminal proceeding relating to the November 23, 2011 search and seizure, *Trans. Of Depo. Of Carl Harvey Brouwer* [#23-12] at 16:5-23, the address change form Petitioner completed on May 11, 2012, *id.* at 12:14-13:3, Ex. 1, and Petitioner's residential address registered with the Colorado Department of Motor Vehicles for the period September 13, 2011 to September 13, 2012. *See id.* at 15:22-16:1, Ex. 2.

Respondent to believe that at least one of these two notices reached Petitioner.[5]  As in *Thorp*, here, "[t]he DEA sent out five separate notices before resorting to notice by publication.  Taken together, these attempts satisfied the DEA's duty to take steps reasonably calculated to notify plaintiff." *Thorp*, 2012 WL 5831184 at *5 (finding notice sent via certified mail to individuals who purchased plaintiff's van several months prior to the notice being mailed to be reasonable since it was not returned unclaimed and "it was not unreasonable to believe that the former owners would be in touch with plaintiff or have a means of contacting him . . .").

Second, Petitioner claims that "Detective Burke was also aware that [Petitioner] was represented by counsel in conjunction with his Jefferson County Criminal case. [But, n]either Burke nor any other member of law enforcement attempted to contact [Petitioner's] lawyer with respect to the pending forfeiture action." *Reply* [#24] at 3.  Petitioner bases this assertion on Respondent's Answers to Petition [sic] Carl Brouwer's First Set of Interrogatories to the United States Government (the "Government's Responses") portions of which are attached to the Reply. *Id.* at Ex. B.  The Government's Responses state that "Officer Kevin Burke was aware that Petitioner was represented by an attorney in" the criminal case relating to the search and seizure conducted on November 23, 2011. *Id.* at Ex. B at 13.  In the Government's Responses, Respondent also admits that it did not attempt to contact Petitioner's attorney. *Id.*  The Government's Responses further state that "Officer Burke was present at a proffer interview [sic] took place on May 1, 2012, at the

---

[5] While Respondent previously attempted to send a notice to 409 East 1st Avenue, Denver, CO 80203 and it was returned as undeliverable, Respondent had no reason to think the notice mailed to 4896 South Dudley Street, Unit 9-10, Littleton, CO 80123 was not received by Petitioner.

Jefferson County District Attorney's Office and the [Petitioner] and his lawyer were present at that time." *Id*. at Ex. B at 12. It is unclear from the evidence and arguments whether prior to May 1, 2012 Officer Burke had knowledge that Petitioner was represented by counsel. Further, the Due Process Clause does not require heroic efforts by the government to assure the notice's delivery, nor does it require the government to substitute Petitioner's proposed procedures for the procedures it employed. *Dusenbery*, 534 U.S. at 171-72; *see also Thorp*, 2012 WL 5831184, at *5 (stating that even if the DEA was aware of plaintiff's attorney, "this assertion does not change the fact that the steps the DEA took to notify plaintiff were reasonable . . .").

Under the circumstances of this case, Respondent's attempts to mail notice of the forfeiture to Petitioner and publication in *The Wall Street Journal* were "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Upon return of the December 20, 2011 notices as undeliverable, the Court finds that Respondent took "additional reasonable steps" as required by *Jones*. 547 U.S. at 234.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#9] is **DENIED**.

Dated: April 30, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

8